## ERICKSON ·V. SOPHY.

1. When the evidence is conflicting, the supreme court will not weigh the same, or go further than to see that there is sufficient legal evidence to support the verdict.

2. Error in the exclusion of evidence is cured by its subsequent admission.

3. Where the defense to plaintiff's cause of action, is the value of goods furnished plaintiff's husband, which defendant claimed plaintiff agreed might be deducted from her claim, defendant, over plaintiff's objection, should not be permitted to testify as to whether credit extended plaintiff and husband was in accordance with the agreement between him and plaintiff, since it calls for the witness's conclusion. ·

4. It was conceded that the sum of money sued for at one time was due plaintiff, for which defendant gave a due bill, which plaintiff claimed was lost. *Held*, not error to charge that, if the due bill was in the ordinary form, plaintiff should recover, since the ordinary form of a due bill is the mere acknowledgment of a debt in writing, where the defense was based on a special provision claimed to be in the due bill.

(Opinion filed June 16, 1897.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Action to recover balance due on sale of land. Plaintiff had judgment, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*Joe Kirby*, for appellant.

*D. E. Powers* and *Geo. P. Nock*, for respondent.

CORSON, P. J.   This was an action to recover the balance due on sale of land. Verdict and judgment for plaintiff, and the defendant appeals.

There seems to have been no controversy between the parties as to the fact that, when the deed to the land was executed and delivered, there was a balance due plaintiff of $296.55, and that a due bill was given therefor, but the defendant claimed that the due bill executed by the defendant read as follows: "Due Carrie Erickson on demand after January 1, 1892, $296.55 less any account which might be due me by Martin Erickson. J. F. Sophy." And he further claims that Martin Erickson, husband of Mrs. Erickson, had received from the defendant goods, wares, and merchandise exceeding in value the balance claimed to be due on the due bill. Mrs. Erickson denied that she ever received this due bill, and testified that the due bill given to her had been lost or taken from her desk about two years after its date. The due bill of which we have given a copy was produced in court by Mr. Hadden, formerly cashier of a bank in Garreston, who testified that it was left at the bank by Mrs. Erickson on December 8, 1891—the date appearing upon the envelope containing the due bill—and that it was for a time mislaid, but was discovered among the old papers of the bank a few days before the trial by Mr. Hadden, who informed the defendant of the fact. The defendant himself and his clerk testified that this was the due bill given, and appellant contends that the verdict of the jury was clearly against the weight of the evidence, and should be reversed. The evidence upon this question was, however, conflicting; and, the jury having found for the plaintiff, their verdict is conclusive upon this court that the due bill produced in court by Hadden was not the due bill delivered by the defendant to Mrs. Erickson. When the evidence before the court is conflicting, this court will not weigh the same, or go further than to see that there is sufficient legal evidence to support the verdict. We think it clear that there was such evidence in this case. Jeansch v. Lewis, 1 S. D. 609, 48 N. W. 128.

On the trial the defendant was asked, in substance, as to what statement was made by Martin Erickson, the husband of

the plaintiff, in presence of his wife, at the time the deed was delivered, as to the manner in which balance should be paid. The question was objected to, and the objection sustained. We do not deem it necessary to pass upon this ruling at this time, as the defendant subsequently testified upon the subject without objection. If the ruling was erroneous, the fact that the evidence was subsequently admitted cured the error.

The defendant was also asked, in substance, if the credit he extended to Mr. and Mrs. Erickson was in accordance with the agreement between him and Mrs. Erickson. This question, on objection, was excluded, and we think properly, as it called for the conclusion of the witness upon the very matter in controversy, and not for any fact within the knowledge of the witness Whether or not the credit extended to Erickson could be deducted from the plaintiff's claim under the agreement was the question the jury was called upon to determine by their verdict. The credit extended to the plaintiff was allowed and deducted.

Appellant further contends that the court erred in its instructions to the jury, but, after a careful examination, we are of the opinion that the court gave the jury the law correctly. It having been virtually conceded that there was a sum of $296,55 due the plaintiff, as a balance on the sale, the burden of proving that Mrs. Erickson consented that the credit extended to her husband might be deducted from the amount due her was upon the defendant. The court therefore very properly instructed the jury that if they found that the due bill introduced in evidence on the part of the defendant was the original due bill delivered to Mrs. Erickson, then the amount due the defendant from her husband should be allowed, or, in other words the plaintiff could not recover if the husband's bill exceeded the balance claimed by the plaintiff; but if the jury found that the due bill offered in evidence by the defendant was not the original due bill delivered to the plaintiff, but that her due bill was in the ordinary form, she was entitled to recover, without regard to the state of the account between the defendant and her husband.

Appellant objects to the use of the expression ":due bill in the ordinary form." But this term "due bill" has a well defined meaning, both in law and as commonly understood. Webster defines it as an acknowledgment of a debt in writing, not made payable to order. Bouvier's definition is substantially the same. If the defendant, therefore, claimed that the bill he gave to the plaintiff was not in the ordinary form, but contained more than the mere acknowledgment of the debt, the burden was upon him to prove it. This he sought to do, but the jury found against him. Finding no error in the record, the judgment of the circuit court is affirmed.