### MISSOURI. K. & T. RY. CO. v. HALL.

(Circuit Court of Appeals, Eighth Circuit. April 18, 1898.)

No. 1,001.

1. TRIAL—DIRECTION OF VERDICT.
    Where the testimony would not compel every reasonable man, with fair and impartial judgment, who hears it, to come to the same conclusion in respect to a material fact in issue, it is not error to refuse to take the case from the jury.

2. CARRIERS—ACTION FOR INJURY TO LIVE STOCK—DAMAGES—EVIDENCE.
    Testimony of one accustomed to handling cattle, that certain cattle, after being in a railroad collision, failed to gain properly, by reason of which they were damaged in value a certain sum per head, is admissible in an action to recover damages resulting from the collision.

In Error to the Circuit Court of the United States for the District of Kansas.

T. N. Sedgwick, for plaintiff in error.

John C. Gage, Sanford B. Ladd, Charles E. Small, Mr. Lane, and Mr. Hicks, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge.    While the Missouri, Kansas & Texas Railway Company, the plaintiff in error, was transporting a train load of cattle for John J. Hall, the defendant in error, it ran an engine into the rear of the train, and, as the defendant in error claims, knocked down and killed some of the cattle, and injured others.    He sued the company for the loss which he alleged that he had sustained from this collision.    The case was tried by a jury, which returned a verdict against the company.

It is assigned as error that the court refused to dismiss the case at the close of the evidence for the defendant in error, and that it refused to direct a verdict for the company at the close of all the evidence. But the collision was undisputed, and the only question was whether any damage to the cattle was caused thereby, and, if so, how much. Upon that question the testimony was conflicting.    Some of the witnesses testified that the collision tore off one end of the caboose, and knocked down all, or nearly all, of the cattle; that from 30 to 41 of them were taken out dead 21 miles beyond the place of the accident; that many of them had ribs broken in, or horns torn off, or hips broken down; that within three days after the collision 97 of them died, and that those that lived were so injured that they would not thrive or take on flesh.    On the other hand, witnesses testified, in effect, that all this loss was the result of the poor and weak condition of the cattle when they were shipped, and that the collision was so gentle and trivial that it did not injure them.    The testimony to the injury to the cattle was, however, so positive and substantial that we are not satisfied that every reasonable man who heard it with fair and impartial judgment would be compelled to come to the conclusion that the cattle were not injured by the collision, and in this state of the case the court properly refused to withdraw the case from the jury. Railway Co. v. Jarvi, 10 U. S. App. 439, 451, 3 C. C. A. 433, 438, and 53 Fed. 65, 70; Drake v. Stewart, 40 U. S. App. 173, 178, 22 C. C. A. 104, 107, and 76 Fed. 140, 143.    For the same reason there was no error in the refusal of the court to dismiss the case at the close of the evidence for the defendant in error, since the testimony to the injury to the cattle had then been introduced.

The defendant in error testified that he had been engaged in raising and in handling cattle for more than 20 years, that he saw these cattle on the day of the collision and frequently thereafter for four months, and that those that were not killed failed to thrive and take on flesh, so that they were lessened in value five dollars a head by the collision; and the court submitted this evidence to the jury under an instruction that, before they could allow any damages on this ground, they must be satisfied that the failure of the cattle to thrive was caused by the injuries they received in the collision, and not by their journey, and that they should exercise a great deal of care and consideration in coming to their conclusion upon this part of the case. An objection to this testimony was interposed that it was incompetent, irrelevant, and immaterial; that it called for a conclusion of the witness, and that he was not a competent witness; and it is insisted that the court erred in overruling this objection, and submitting this testimony to the jury.    The contention cannot be sus-

tained. The questions it presents were carefully considered by this court in Railway Co. v. Edwards, 49 U. S. App. 52, 24 C. C. A. 300, and 78 Fed. 745, and for the reasons stated in the opinion in that case there was no error in the ruling of the court here.

A motion was made to strike out certain of the assignments of error in this case, but it is unnecessary to consider it, because we have arrived at the same result upon the merits that we should have reached if we had granted it. For this reason the motion is denied without a consideration of its merits. The judgment below is affirmed.