LEACH *v.* DETROIT ELECTRIC RAILWAY.

1. TRIAL—ABSENT WITNESS—CONTINUANCE.
    Where, after the trial had commenced, defendant asked a continuance to enable him to procure a certain witness, stating that he had supposed he could get the witness at any time, and so had not subpœnaed him, but that when he sent for him he was not in the city, it was not an abuse of discretion to refuse the continuance.

2. SAME—IMPROPER ARGUMENT—CORRECTION BY COURT.
    The fact that plaintiff's counsel told the jury in his argument, in an action for personal injuries, that they stood between the plaintiff and the poor-house, does not require a reversal,

where the court promptly instructed the jury that the argument was improper and that they should disregard it.

3. EVIDENCE — ACTION FOR PERSONAL INJURIES — MORTALITY TABLES.

Mortality tables are inadmissible, in an action for personal injuries, where it is not shown that the injuries are of a permanent character.

Error to Wayne; Donovan, J. Submitted November 15,.1900. Decided. December 4, 1900.

Case by Angeline Leach against the Detroit Electric Railway for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

*Thomas T. Leete, Jr.*, for appellant.

*Navin & Sheehan*, for appellee.

MOORE, J. The plaintiff recovered a judgment for injuries received by her while alighting from a street car. The case is brought here by writ of error.

It is claimed the court abused its discretion in refusing to continue the case from Thursday until the following Tuesday to enable the defendant to procure one Sherman as a witness. It is said his attendance was arranged for upon October 15th, the case was continued at the request of plaintiff, and when the trial was commenced counsel supposed they could procure the attendance of the witness at any time, but when they sent for him he was out of the city. This witness had not been subpœnaed. No such diligence was shown to procure his attendance as to make it incumbent upon the court to delay the trial that the attendance of the witness might be procured. Courts should not be required to await upon the convenience of counsel and witnesses when engaged in the trial of lawsuits.

It is said error was committed in the argument of counsel when the jury were told by him, "You, gentlemen of the jury, stand between this plaintiff and the poor-house."

The record discloses that the attorney for the defendant made an argument not confined to the record, and well calculated to encourage opposing counsel to also go outside of the record. When the attorney for the plaintiff made the argument quoted above, the court at once told counsel it was not a proper argument, and said to the jury that, it being an improper argument, they could not and must not consider it in arriving at a verdict. Under such circumstances, while we disapprove the action of counsel, we are not inclined to reverse the case for what occurred.

Upon the trial the mortality tables were introduced in evidence. It is claimed this was improper, because it was not shown the injuries received by plaintiff were permanent. Counsel for the plaintiff contend the testimony shows the injuries are permanent, and rely chiefly upon the testimony of Dr. Kirker; but we think, under any fair interpretation of his testimony, it falls far short of showing the injuries to be of a permanent character, while the testimony of Dr. Dees, a witness called by the plaintiff, who examined her at the request of Dr. Kirker, was to the effect that the injuries were trifling. In the recent cases of *Mott* v. *Railway Co.*, 120 Mich. 127 (79 N. W. 3), and *Sax* v. *Railway Co.*, *ante*, 252 (84 N. W. 314), it was held the mortality tables were not admissible where it was not shown the injuries were of a permanent character. In the last-named case the discussion is so complete that it is not necessary to add anything further to it here.

Other errors are assigned, which are either not well taken or are not likely to occur upon a new trial, and for that reason will not be discussed.

Judgment is reversed, and new trial granted.

The other Justices concurred.