FOSTER *v.* VILLAGE OF BELLAIRE.

1. MUNICIPAL CORPORATIONS — PERSONAL INJURIES — NOTICE OF CLAIM—WAIVER OF DEFECTS.

Where notice of a claim against a village for injuries caused by a defective sidewalk is served within the time provided for by 1 Comp. Laws, § 2775, but is not verified or itemized, as required by section 2754, the omission may be waived by the village council.

2. PERSONAL INJURIES—EVIDENCE—MORTALITY TABLES.

Where, in an action for personal injuries, it is not shown that plaintiff may not recover, the mortality tables are inadmissible.

Error to Antrim; Mayne, J. Submitted February 1, 1901. Decided June 4, 1901.

Case by Cynthia A. Foster against the village of Bellaire for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

*Leavitt & Guile*, for appellant.

*George H. Cross*, for appellee.

MOORE, J. This action was brought to recover damages alleged to have been sustained by reason of a defective sidewalk. The injury was received on the evening of the 12th day of May, 1899. On the 6th day of July, 1899, a notice of claim for damages was served on the defendant village, which was neither itemized nor verified;

and on July 15th a second claim was served, which was itemized and verified, and in form fully complied with all the requirements of the statute. It is conceded by the plaintiff that the statement of the plaintiff's claim as served on the 6th day of July does not comply with the statute, in that it was not itemized and verified, and that the statement of the claim served on the 15th day of July, while sufficient in form, was not served within the time required by the statute. The plaintiff, however, relies upon the subsequent conduct of the defendant in relation to the claim to establish a waiver of the defects in the claim as served. The trial court submitted the question of waiver to the jury. A verdict of $500 was rendered in favor of plaintiff. Many assignments of error are discussed by counsel, but we deem it necessary to refer to but two of them.

It is insisted by counsel that the requirements of the statute are mandatory, and cannot be waived by the common council. The precise question presented by this case was before the court in *Griswold* v. *City of Ludington*, 116 Mich. 401 (74 N. W. 663), and was decided against the contention of counsel for the defendant. See, also, *Wright* v. *Village of Portland*, 118 Mich. 23 (76 N. W. 141), and cases there cited.

The testimony offered on the part of the plaintiff tended to show that she was seriously injured, but it did not show she might not recover from her injuries. Against the objection of counsel for defendant, the tables of mortality were introduced in evidence. In *Mott* v. *Railway Co.*, 120 Mich. 127 (79 N. W. 3), it was held, "Mortality tables are only admissible in a case of permanent injury, or where the suit is brought by the representatives of a deceased person." See, also, *Sax* v. *Railway Co.*, 125 Mich. 252 (84 N. W. 314); *Leach* v. *Railway Co.*, 125 Mich. 373 (84 N. W. 316).

For this error, judgment is reversed, and a new trial ordered.

The other Justices concurred.