## TENNEY v. RAPID CITY.

1. In an action for several injuries alleged to have been sustained by defects in a city sidewalk, it was error for the court to permit plaintiff to give her judgment as to the amount of damages she had sustained for each injury.

2. Where in an action for injuries, there was no evidence of permanent disability, tables showing expectancy of life were inadmissible.

3. In an action for injuries on a city sidewalk, evidence that plaintiff had told witness she had fallen on the sidewalk not at the time of the injury was inadmissible, as hearsay.

(Opinion filed July 22, 1903)

Appeal from circuit court, Pennington county; Hon. LEVI McGEE, Judge.

Action by Jennie E. Tenney against Rapid City. From a judgment in favor of plaintiff, defendant appeals. Reversed.

*A. K. Gardner*, for appellant.

Testimony should be confined to ultimate facts, opinions and conclusions of witnesses are not admissible. Webster v. White, *et al.*, 8 S. D., 479; Tetrault v. O'Connor, (N. D.) 76 N. W., 225; Kneeland v. Great Western Elevator Co., (N. D.) 81 N. W. 67; Erickson v. Sophy, 10 S. D., 71.

Declarations of the plaintiff as to injuries and not part of the *res gestae* are inadmissable, as hearsay. Jones on Evidence, § 236; Waldale v. N. Y. Cen. &c. R. R. Co., 47 Am. Rep., 41; Kneeland v. Great Northern Elevator Co. (N. D.) 81 N. W. 67.

Mortuary tables are only admissable in a case of permanent injury or where the suit is brought by the representatives of a deceased person. Mott v. Detroit G. H. & M. R. R. Co., 79, N. W. 3; Foster v. Village of Bellaire, 86 N. W., 383; Sax v. Railway Co., 84 N. W. 318; Leech v. R. R. Co., 84 N. W., 316; City of Honey Grove v. Lamaster, 50 S. W., 1053.

*Edmund Smith* and *Fred H. Whitfield,* for respondent.

The defendant was entitled to request a separate finding as to each cause of action; and its failure so to do was a waiver of its right to an examination of the testimony upon any particular cause of action, and the verdict being general, should be sustained if either of the causes of action was properly supported by competent evidence free from legal objections. Clifton v. The U. S., 4 Howard, U. S. 242; Locke v. The U. S., 7 Cranch 339; Snyder v. The U. S., 112 U. S., 216; Goode v. The U. S., 159 U. S., 663; Bond v. Duston, 112 U. S. 609; Ex-parte Wilson, 114 U. S. 421; Coffey v. U. S., 116 U. S. 434; U. S. v. Doherty, 25 Fed. 29.

CORSON, J. Plaintiff brought this action to recover damages for injuries alleged to have been sustained by her by reason of the defective condition of the sidewalks of the defendant city. The plaintiff claims to have received injuries at five different times, extending over a period of about a year, and her complaint contains five counts or causes of action. Verdict and judgment were in favor of the plaintiff, and the defendant has appealed.

The defendant has assigned numerous errors, but in the view we take of the case it will only be necessary to consider three of them. The counsel for the plaintiff was permitted to

ask, and the plaintiff to answer, over proper objection on the part of the defendant, the following questions: "Now, referring to the injury at that time, and the time you were laid up and suffering, what would you say in your judgment was the amount of damages you sustained?" The witness answered, "I should say it was at least $200 for that time." She was then asked the following question: "Now, referring to the next accident, Mrs. Tenney, which occurred up near the Mathias Place, what would you say that accident damaged you, considering the loss of time and pain, and your condition since as a result of it?" She answered: "The same as I did." The witness was then asked the following question: "You may go on and state to the jury what, in your opinion and judgment, was your damage for that accident at the Jester sidewalk in October, 1899?" She answered, "$100." Q. "Referring to the second accident, what, in your opinion, was the damage for that accident?" She answered, "I would say $100. Q. Now, referring to the Kirkham Place—the injury there, the last one, in December, 1899, or January, 1900—state what damage you sustained for loss of time, expense money, nurse, medicine, and doctor bills which were incurred and have not been paid. A. I should say $500." Motion was made to strike out the several answers, and denied. This evidence was clearly inadmissible. It was the province of the jury to determine the amount of damages to which the plaintiff was entitled if they found that she was entitled to any, and it was not competent for the plaintiff to give her opinion as to the amount of damages she had sustained. Webster v. White, 8 S. D. 479, 66 N. W. 1145; Tetrault v. O'Connor, 8 N. D. 15, 76 N. W. 225; Kneeland v. Great Western Ele. Co., 9 N. D. 49, 81 N. W. 67;

Erickson v. Sophy, 10 S. D. 71, 71 N. W. 758. It may be stated as a general rule that even an expert witness cannot be allowed, in giving his evidence, to usurp the province of the court and jury by drawing conclusions from the facts upon which the case depends. Jones on Ev. § 374. There is an exception to the general rule, but this case does not come within the exception.

The plaintiff offered in evidence the life tables of the expectation of life of the North-western Life Insurance Company. The defendant objected to the offer, for the reason that it was irrelevant and immaterial to any issue in this action, there being no proof of permanent disability, and was not the proper basis for the measure of damages. Objection overruled, and the defendant excepted. The admission of these life tables was clearly erroneous, and constituted prejudicial error. No evidence is disclosed by the record tending to prove that the plaintiff was permanently injured, or might not recover from the injuries received. The admission of these tables, therefore, constituted reversible error. Foster v. Village of Bellaire, 127 Mich. 13, 86 N. W. 383; Leach v. R. R. Co., 125 Mich. 373, 84 N. W. 316; Sax v. Railway Co., 125 Mich. 252, 84 N. W. 314, 84 Am. St. Rep. 572; Mott v. Detroit, G. H. & M. R. R. Co., 120 Mich. 127, 79 N. W. 3; City of Honey Grove v. Lamaster (Tex. Civ. App.) 50 S. W. 1053.

In Foster v. Village of Bellaire, supra, the Supreme Court of Michigan, in speaking of the admission of that class of testimony, uses the following language: "The testimony offered on the part of the plaintiff tended to show that she was seriously injured, but it did not show she might not recover from her injuries. Against the objection of counsel for defendant,

the tables of mortality were introduced in evidence. In Mott v. Railway Co., * * * supra, it was held, 'Mortality tables are only admissible in cases of permanent injury, or when the suit is brought by the representative of a deceased person.' For this error, judgment is reversed and a new trial ordered."

On the trial the witness Jennie Trobridge was asked the following question: ·'State whether or not Mrs. Tenny told you she had fallen on the sidewalk." The defendant objected to this question, on the ground that it called for hearsay testimony and self-serving declarations. The objection was overruled, and the defendant excepted. The witness answered, ''The plaintiff told me that she had fallen twice on the sidewalk. I don't know that she said anything about falling just then." The defendant moved to strike out the answer, for the reason that the declaration of the plaintiff was not as to her fall occuring at or near the time of the accident, and was no part of the *res gestae* was immaterial, and a self-serving declaration. Mr. Jones in his work on Evidence says: ''It would be obviously unsafe if parties to litigation were, without restriction, allowed to support their claims by proving their own statements made out of court. Such a practice would be open not only to all the objections which exist against the admission of hearsay in general, but would also open the door to fraud and to the fabrication of testimony. * * * But it is a general rule of broad application that the declarations of a party in his own favor are not admissible in his behalf." 1 Jones on Ev. § 236.

The judgment of the circuit court and order denying a new trial are reversed.