## MILLIKEN v. CITY OF ST. CLAIR.

1. MUNICIPAL CORPORATIONS — BRIDGES — PERSONAL INJURIES — ASSUMPTION OF RISK—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE —QUESTIONS FOR JURY.

Defendant city maintained an iron swing bridge over a small stream, and was required by law to guard the same, when open, by a chain or gate. Electric-light wires were carried upon iron uprights placed near the ends of the bridge, and braced from the tops to the ground about 15 feet away from the uprights, between the sidewalk and the curb. On closing the bridge, the chain was suspended between the brace and the upright over the curb; a practice of which plaintiff had knowledge as respected a former bridge, but claimed to have no knowledge with reference to the bridge in question. Plaintiff, on a dark night, crossed the bridge, and, turning at the end to cross the street, passed between the brace and the upright, tripped over the chain, and was injured. In an action against defendant to recover for the injury, held, that plaintiff did not assume the risk attendant upon crossing the street under the brace, and that the negligence of defendant and contributory negligence of plaintiff were both questions for the jury.

2. SAME—COMMON CROSSING—EVIDENCE.

It was not error to admit testimony tending to show a common practice to cross the street at the point in question, since it bore upon the reasonableness of suspending the chain.

3. SAME—DECLARATION—AMENDMENT—CONTINUANCE.

Nor was it error to permit an amendment to the declaration to supply an averment of due care on the part of plaintiff; and, it being a formal allegation, a continuance was properly refused.

4. SAME—VARIANCE.

A declaration for injuries sustained in crossing a street at the end of a bridge, alleging that plaintiff's foot caught upon a chain suspended over the curb, whereby he was thrown, etc., is supported by proof that plaintiff stumbled over the curb, since, in such event, plaintiff could not have fallen without getting his other foot under the chain in the spontaneous act of throwing it forward in an effort to preserve his equilibrium, which the chain would have prevented, and thereby have caused his fall.

5. TRIAL—REFUSAL OF REQUESTS TO CHARGE—HARMLESS ERROR.

Where, on defendant's own theory, plaintiff's case is maintained, defendant is not injured by the court's omission to give requested instructions presenting his theory to the jury.

Error to St. Clair; Law, J. Submitted February 26, 1904. (Docket No. 112.) Decided March 29, 1904.

Case by Leslie Milliken against the city of St. Clair for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*Joseph Walsh* and *H. R. Baird*, for appellant.

*Hugh H. Hart* (*Cyrus A. Hovey*, of counsel), for appellee.

HOOKER, J. The defendant has appealed from an adverse judgment of $850, recovered in an action for negligence. A small stream, called the "Pine River," is spanned by an iron swing bridge in the city of St. Clair. The electric-light wires are carried upon iron uprights placed near the ends of the bridge, which are braced from the tops to the ground about 15 feet away from the uprights, between the sidewalk and the curb. A chain is used, which is attached to the brace at the southwest corner of the bridge, and swung across to the brace at the southeast corner when the bridge is open. When the bridge is closed, the end of the chain is removed from the east brace, and sometimes attached to the upright on the west side of the street; thus suspending it between the

brace and upright nearly or exactly over the curb. The attached drawing shows the situation.

On a dark night, about midnight, the plaintiff crossed the bridge on the west sidewalk, and turned to cross the street, and, passing between the brace and upright, he tripped over the chain and was injured. He admitted knowing of the practice to suspend the chain at this point while a former bridge stood there, but claimed to have no knowledge of the practice with the new bridge. The city

was required by law to maintain a chain or gate to guard the drawbridge when open. Defendant introduced testimony showing that the chain was always thus suspended when not in use.

The defendant contends that there was no negligence shown, and that the plaintiff was chargeable with contributory negligence in attempting to cross the street at that point, and requested the court so to charge, but this was refused. We think that both of these questions were for the jury, and that, under the proofs, the court properly refused to instruct that the plaintiff assumed the risk attendant upon crossing the street under the brace.

There was no error in admitting testimony tending to show a common practice of crossing at the point in question. It bore upon the question of the reasonableness of suspending the chain.

The amendment to the declaration to supply a wanting allegation of due care on the part of the plaintiff was proper, and, being a formal allegation, the court properly refused a continuance.

Plaintiff's declaration alleges that, "when crossing the street, * * * his foot caught upon a chain, * * * whereby plaintiff was violently thrown," etc. Defendant's counsel claim that near to the chain was a curb, and that plaintiff tripped upon that, and that there was a variance in that particular between the declaration and the proof. They asked an instruction that:

"I instruct you that the plaintiff has alleged that his injury was caused by tripping upon a chain suspended from the bridge to the brace. Before plaintiff can recover in this action, he must satisfy you, by a preponderance of the evidence, that the accident happened in the manner alleged by him in his declaration; and, if you should find that the accident was caused by the plaintiff tripping upon the timber spoken of in the testimony, then plaintiff cannot recover, and your verdict must be for the defendant."

The court gave this in substance. He said:

"I instruct you that the plaintiff has alleged that his injury was caused by tripping upon a chain suspended

from the bridge to the brace.    Before plaintiff can recover in this action, he must satisfy you, by a preponderance of evidence, that the accident happened in the manner alleged by him in his declaration; and, if you should find that the accident was caused in some other way,—by plaintiff tripping on some other object,—then plaintiff cannot recover, and your verdict must be for the defendant."

The court was asked to charge:

" One of the claims made by the defendant is that, notwithstanding plaintiff testified that he fell over the chain, that still the surrounding facts and circumstances tend to show that this is not how the accident occurred.    It is for you to determine this fact, and you are not bound by the statement of plaintiff.    You have the right to consider all the testimony, and also the surrounding facts and circumstances, and draw such inferences as you think they would warrant; and, if you think the testimony of the facts and circumstances warrants the finding of the fact that the plaintiff's fall was caused solely by tripping upon the timber, then your verdict must be for the defendant."

This was not given, though the portion of the charge above quoted naturally suggests it.    We think, however, that defendant has no cause for complaint.    If defendant's theory be adopted, viz., that he stumbled over the curb, it is evident that it would have been next to a physical impossibility for plaintiff to have fallen without getting his other foot under the chain, as it would have been the spontaneous act of plaintiff to throw it forward in the natural effort to preserve his equilibrium.    The chain would have prevented this, and, by catching his foot under the chain, which he would have been sure to do in his effort, his fall would have been made certain, if not altogether caused.    Such a finding—and no other is possible from the proof—would be within the allegation of the declaration, and would justify a verdict.    We think, upon defendant's own theory, the case is maintained, and hence it suffered no injury by omission to give the request.

The judgment is affirmed.

MOORE, C. J., CARPENTER and MONTGOMERY, JJ., concurred.    GRANT, J., took no part in the decision.