PEOPLE *v.* DE CAMP.

1. CRIMINAL LAW—EVIDENCE—HEARSAY—HARMLESS ERROR.
    No prejudicial error results from permitting a witness to testify to a statement made by respondent's wife, which indicated his guilt, where the testimony was not objected to at the time, was largely a repetition of the testimony of the witness on cross-examination, was partially adduced by counsel for defendant, was afterwards contradicted by the wife when on the witness stand, and would have been proper on rebuttal even under objection.

2. SAME—TRIAL—ARGUMENT OF COUNSEL—ILLUSTRATIONS.
    On a trial for larceny, the prosecuting attorney called the jury's attention, in argument, to the testimony of the wife of respondent that respondent was not out on the night of the crime, and then stated that he remembered trying a case involving the question whether a man should go to State's prison for life, and that his wife went on the stand and swore just as absolutely that her husband was not out on the night of the crime, though the next day she admitted that her testimony was an absolute falsehood. *Held,* not prejudicial, the argument appearing to have been used by way of illustration, and to have been of the same character as some of the language used by counsel for respondent.

3. SAME—EXPLANATIONS.

It is not improper or prejudicial for the prosecuting attorney, in explaining discrepancies in the testimony of the prosecuting witness as returned by the examining magistrate and as given at the trial, to suggest that the justice, writing longhand, did not write everything the witness testified to on the preliminary examination.

4. WITNESSES—IMPEACHMENT—FORMER CONVICTION.

It is competent, in a criminal case, as affecting respondent's credibility as a witness, to admit records to prove that he has previously been convicted of a crime.

5. SAME—EVIDENCE—RELEVANCY—EXPLANATIONS.

A justice of the peace having been called to prove respondent's previous conviction of crime as affecting his credibility as a witness, was asked by respondent's counsel if respondent did not pay the fine of $5 because "it was cheaper to get out of it that way than to go to trial." *Held*, that the justice was properly permitted to testify that, at the time the fine was imposed, there was a conversation in the presence of respondent to the effect that the fine was made nominal at the request of the prosecuting attorney and out of consideration for respondent's family.

Error to Muskegon; Sessions, J. Submitted October 18, 1906. (Docket No. 51.) Decided December 3, 1906.

Floyd De Camp was convicted of larceny, and sentenced to imprisonment for not less than two nor more than five years in the State house of correction and reformatory at Ionia. Affirmed.

*Stephen H. Clink*, for appellant.

*George S. Lovelace*, Prosecuting Attorney, and *Charles B. Cross*, Assistant Prosecuting Attorney, for the people.

CARPENTER, C. J. Respondent was convicted of the crime of larceny. He asks us to set aside that conviction for several alleged errors (all of which he contends were committed by the trial court in denying his motion for a new trial) which we will state and consider.

1. Because Daniel James, a deputy sheriff, testified to a statement made by defendant's wife which indicated defendant's guilt. We think the trial judge properly answered this contention, and we adopt that answer. It is as follows:

" Testimony of the witness Daniel James, mentioned * * * in said motion, was not objected to at the time of its admission, was largely a repetition of the testimony of the witness upon cross-examination, was partially adduced by counsel for respondent in support of the theory of the defense, was later contradicted by Mrs. De Camp, when upon the witness stand, and would have been proper upon rebuttal even under objection."

2. Because of the following argument made to the jury by the prosecuting attorney:

" Oh, my brother says, his wife says he never got out of bed that night. How does she know ? Why, I remember standing up and trying a case one time when my brother was prosecuting attorney, years ago, and it was a case that involved a great deal more than this one, because it involved the question as to whether a man should go to State's prison for life or not, and his wife went upon the stand and she swore just as absolutely and positively that her husband never got out of that bed that night. And yet, upon the very next day, this woman admitted that everything she had sworn to the previous day was an absolute falsehood."

We think the trial judge properly answered this contention. That answer is as follows:

"The language of the prosecuting attorney complained of appears to have been used by way of illustration, and also appears to have been of the same character as some of the language used by counsel for defendant. The jury could not have been misled nor prejudiced thereby."

3. Because, in the course of his argument to the jury, the prosecuting attorney, in undertaking to explain discrepancies between the testimony that the complaining witness gave on the trial and that given by him on the preliminary examination (as shown by the justice's re-

turn), suggested that the justice, who wrote in longhand, did not write everything the witness testified to on the preliminary examination. We certainly cannot say that this was improper and prejudicial.

4. Because the court admitted records to prove that defendant had been convicted of a crime. Defendant was a witness, and this evidence was competent to affect his credibility. *Helwig* v. *Lascowski*, 82 Mich. 621 (10 L. R. A. 378), and cases there cited.

5. Because a justice of the peace, before whom defendant had been convicted of a crime and fined $5, was permitted to testify that, at the time said fine was imposed, there was a conversation in the presence of the defendant to the effect that it (the fine) was made nominal at the request of the prosecuting attorney and out of consideration for defendant's family. This testimony was properly admitted. It tended to disprove the claim of defendant— indicated by questions his counsel had just asked the witness—that it was made clear by this same conversation that he paid this fine because "it was cheaper to get out of it that way than to go to trial."

The conviction is affirmed.

McALVAY, GRANT, BLAIR, and MOORE, JJ., concurred.