DAVIS v. CITY OF ADRIAN.

1. MUNICIPAL CORPORATIONS — HIGHWAYS AND STREETS — PERSONAL INJURIES—NOTICE OF CLAIM FOR INJURY — SUFFICIENCY.
    Under the charter of the city of Adrian, a notice of claim for injury on a defective sidewalk is sufficient though the items of expense caused claimant by the injury as far as known at the time of filing the claim are not set out, where the city made no suggestion that it wanted a more detailed claim, but referred it to a committee and afterwards rejected it.

2. EVIDENCE—PHOTOGRAPHS—ADMISSIBILITY.
    In an action for a personal injury, a photograph of a sore claimed to have been caused by the injury is admissible in evidence.[1]

[1] For use of photographs as evidence, see note to *Dederichs* v. *Salt Lake City R. Co.* (Utah), 35 L. R. A. 802.

3. MUNICIPAL CORPORATIONS — HIGHWAYS AND STREETS — PER-
SONAL INJURIES—NOTICE OF DEFECT.

In an action against a city for personal injuries caused by neg-
ligent removal of a grating from an area in a sidewalk and
failure to properly guard the same, evidence examined, and
*held,* sufficient to show that the city officers had knowledge
of the defect.

4. SAME—DUTY OF MUNICIPALITY—ACTS OF INDIVIDUALS.

It is the duty of a municipality to keep its streets reasonably
safe and fit for travel, and it is not relieved of that duty be-
cause the street is made unsafe by the act of third persons.

5. TRIAL—ARGUMENT OF COUNSEL—PREJUDICE.

The act of counsel in drawing a contrast between the financial
situation of the parties in a personal injury case, *held,* not
prejudicial in view of prompt correction by the court.

Error to Lenawee; Shepherd, J., presiding. Submit-
ted November 15, 1906. (Docket No. 13.) Decided
March 5, 1907.

Case by Garfield Davis against the city of Adrian for
personal injuries. There was judgment for plaintiff, and
defendant brings error. Affirmed.

*Wallace Westerman,* for appellant.

*J. L. O'Mealey* and *Bird & Sampson,* for appellee.

MOORE, J. The plaintiff recovered a judgment against
defendant for injuries received by him caused by his fall-
ing through an opening in the sidewalk from which the
grating had been removed. The defendant has brought
the case here by writ of error.

The assignments of error may be grouped as follows:

(1) That the notice given to the city of the claim of
plaintiff is insufficient.

(2) The admission of a photograph in evidence.

(3) The exclusion of an entry in the books of the con-
tractor who was doing the repairs on the building in the
course of which the grating was removed.

(4) Failure to give certain requests, and especially the
one instructing the jury that plaintiff had failed to make
a case.

(5) The improper argument made by the attorney for the plaintiff.

We will take up these groups in the order presented; but before doing so it is important to have knowledge of the general features of the case.

Main street runs north and south through defendant city. Maumee street crosses Main street at right angles. This intersection is in the business portion of the city. About 100 feet south of Maumee street, on the east side of Main street, was a building known as the "Donough Building." Extensive repairs were made upon the building, among other things a new front was put in about a foot or 18 inches nearer the curb than the old front; the new front being upon the street line of the adjacent buildings. To accomplish this work the two gratings in the sidewalk were removed. One of the openings had been covered by putting the grating over it. Loose boards, about six or eight inches wide, seven-eighths of an inch thick, and from four to eight feet long, were put over the other one. Some of the debris from the building was piled near the curb, some of it going into the street, and about three or four feet of it extended upon the walk. The walk was about 13 feet wide. Counsel for plaintiff make in their brief the following statement, which we think there is testimony to sustain:

"Plaintiff did not know that repairs were going on at said place, and did not know the condition of the sidewalk. On the night of July 16, 1903, he was walking north on the sidewalk, on the east side of Main street, in company with Merton Smith, an associate, and when they approached the Donough building they met four or five ladies and two gentlemen walking south on the same sidewalk. The rubbish piled in the street and on the outer portion of the walk caused these ladies to crowd in toward the building in order to pass the same, thereby crowding plaintiff and Mr. Smith over next to the building, and while next to the building, and in the act of passing, plaintiff, who was on the side next to the building, stepped into this opening in the sidewalk and was seriously injured."

It is plaintiff's claim that a shadow was cast upon the area because of the pile of debris.

1. Was the notice served upon the city before suit of plaintiff's claim sufficient? On the 6th of October plaintiff presented to the council a claim in the language following:

" To the Common Council of the City of Adrian, Lenawee County :

" Garfield Davis respectfully shows unto your honorable body that on the evening, at about the hour of nine o'clock, of July 16, 1903, while walking north on the east side of South Main street, and when adjacent to the Donough building on the corner of South Main street and Fish alley, he fell into the area in front of said building, by reason of the grating having been removed; that some light pieces of wood had been thrown partially over it, but which were insufficient to protect your petitioner from going through into said area; that when he fell into said area he received in consequence thereof an injury to his right leg, and that said injury has ulcerated, and that by reason of said injury he has been confined to the house and has been unable to move about except on crutches since September 12, 1903. Your petitioner further shows that by reason of the premises he has been damaged in a large sum on account of the pain and suffering resulting from said injury, and that will result in the future from said injury, and for the past and future incapacity to labor on account of said injury, and for past and future medical services, nursing and care on account of said injury, and on account of the permanence of said injury, all in the sum of five thousand dollars, which sum your petitioner respectfully asks said council to allow him.

" GARFIELD DAVIS.

" STATE OF MICHIGAN,  }
County of Lenawee.   } ss.

" On this sixth day of October, 1903, before me, a notary public in and for said county, personally appeared Garfield Davis, who made oath that he had heard read the foregoing petition, by him subscribed, and knows the contents thereof, and that the same is true.

" OSCAR SHELDON,
"Notary Public.

" My commission expires May 21, 1902."

It is the claim of counsel for the city that the affidavit should have shown in what way the city was in default. He also claims as follows:

"The facts proven on the trial also show conclusively that the claims of Drs. Treat, Chase, and Kirkpatrick were definite and certain, also the value of the services of the hired help of the plaintiff, if any, were fully known to him at the time the affidavit was made, unless it be, perhaps, the last few days of Dr. Kirkpatrick's service. These claims should have been set out fully in the affidavit, and should have at least apprised the city of the nature of the claim that was being made against them for damages, and then they could have taken such steps to ascertain all about the facts leading up to the injury, the names of witnesses and such other circumstances as would have enabled the city council to have given a fair consideration to any just claim the plaintiff might have."

The city made no suggestion it wanted a more detailed statement of the claim of plaintiff. The claim was referred to a committee, which made a report to the common council, and on the 4th of January, 1904, the claim was rejected. We think the notice and claim were within *Wilkins* v. *City of Flint*, 128 Mich. 262.

2. Did the court err in allowing a photograph to be introduced in evidence? It was the claim of plaintiff that as the result of one of his injuries an ulcerated sore formed on the front of his leg just above the ankle. The photograph was of this sore and was taken some weeks after the injury. The record discloses that some days after plaintiff was hurt he went with a ball team of which he was a member to Hudson and to Dundee to participate in games of ball. At Hudson he did some batting, another player running the bases for him. At Dundee he was not called upon to take any active part in the game, and it is his claim that he suffered no aggravation of his injury by reason of what he did. He also claims that what he did was by the advice of his physician. Later the sore developed. One of the doctors treated it by the use of the violet rays. It is the claim of defendant that this treat-

ment was harmful, and also that because of it, added to the playing of baseball, the sore shown in the photograph appeared, and that the photograph under these circumstances should not have been admitted. It was shown by the doctors that the injury was properly treated. The jury were carefully instructed as to what consideration they should give to the testimony in relation to the playing of ball and the violet-ray treatment. In *Archer* v. *Railroad Co.*, 106 N. Y. 589, it was held that a photograph, if a fair representation, is admissible, the same as a map or other diagram. In *Alberti* v. *Railroad Co.*, 118 N. Y. 77 (6 L. R. A. 765), photographs were held admissible to show how the legs of plaintiff had been drawn up as the result of injuries. It has been a frequent occurrence to have photographs used as evidence in the lower court used in the causes presented in this court. We think such evidence is competent to be presented to the jury. See 22 Am. & Eng. Enc. Law (2d Ed.), p. 772, and the many cases cited in the note.

3. We do not see how the entries in the book would throw any light upon the question of whether the area was properly guarded at the time of the accident.

4. Did the judge err in refusing to give the requests of counsel ? These requests all revolve about the proposition that a verdict should have been directed for the city (*a*) because plaintiff was guilty of contributory negligence; (*b*) that the opening had not been unguarded long enough to make the city liable; (*c*) that, if any negligence was shown, it was the negligence of the man who was making the repairs, for which the city would not be liable.

(*a*) We do not think it can be said, as a matter of law, that plaintiff was guilty of contributory negligence. *Milliken* v. *City of St. Clair*, 136 Mich. 250.

(*b*) Was the situation such as to make the city liable ? The grating had been removed for from two to five weeks, and covered in the manner before described. These light boards would frequently get removed. It was shown

147 MICH.—20.

the mayor had knowledge of the situation; that a policeman had knowledge of it; that one of the aldermen had his office in an adjoining building and passed the walk a number of times each day when the opening was improperly covered; and that the street commissioner worked in an alley by the side of this building for nearly three weeks. Counsel for the city say, in relation to this feature of the case:

" It seems that two or three officials of the city, whose duty it was, according to their testimony, to see that this walk was safe, are the only ones who have any special knowledge of it, and at the time that they saw it they do not claim that the scaffolding was not up. Their term of office did not expire until the following May after this suit was commenced, and they should be estopped from using their official knowledge in the interest of the plaintiff. They had full knowledge of the facts, and knew, as the record shows, that Mr. Matthes was reconstructing this building on private property. They knew that he was a trespasser and pecuniarily responsible, and under the circumstances disclosed by the record in this case they should have planted their suit against him, when their official knowledge could have been consistently used in the conduct of the case."

We think there was sufficient testimony to submit this feature of the case to a jury. *Dotton* v. *Village of Albion*, 50 Mich. 129; *Campbell* v. *City of Kalamazoo*, 80 Mich. 655; *Blank* v. *Township of Livonia*, 95 Mich. 234, and cases cited; *Alberts* v. *Village of Vernon*, 96 Mich. 549.

(c) Was the city excused because the work was done by a contractor? We think this must be answered in the negative. See *Dotton* v. *Village of Albion*, supra. It is the duty of the municipality to keep its streets reasonably safe and fit for travel. It is not relieved of that duty because the street is made unsafe by the act of third persons. In the recent case of *McEvoy* v. *City of Sault Ste. Marie*, 136 Mich. 172, Justice CARPENTER, speaking for the court, has considered this question at length. It is not necessary to repeat here his statements.

5. Should the case be reversed because of the argument of counsel? The objectionable part of the argument, and it was objectionable and should not have been made, was intended to have the jury draw a contrast between the financial situation of the parties. The court at once told the jury in substance that the parties must be regarded as upon an equal footing. Had counsel desired the jury to be further instructed as to the argument, the court doubtless would have done so upon request.

An examination of the entire record, including the verdict, does not satisfy us that the improper argument of counsel so influenced the jury that we should reverse the case. See *People* v. *De Camp,* 146 Mich. 533.

Judgment affirmed.

CARPENTER, MONTGOMERY, and OSTRANDER, JJ., concurred with MOORE, J.

MONTGOMERY, J. (*concurring*). I agree with Mr. Justice MOORE that the judgment should be affirmed, but prefer to state at length my reasons for holding the claim presented to the council sufficient.

The provisions of the charter are as follows:

"The council shall audit and allow all accounts chargeable against the city; but no accounts or claims or contract shall be received for audit or allowance unless it shall be accompanied with an affidavit of the person rendering it to the effect that he verily believes that the services or property therein charged have been actually performed or delivered for the city, that the sums charged are reasonable and just, and that to the best of his knowledge and belief no set-off exists, nor payment has been made on account thereof, except such as are indorsed or referred to in such account or claim. And every such account shall exhibit in detail all the items making up the amount claimed, and the true date of each. It shall be a sufficient defense in any court, to any action or proceeding for the collection of any demand or claim against the city that it has never been presented, verified as aforesaid, to the council for allowance, or, that the claim was presented without the affidavit aforesaid and rejected for that rea-

son, or that the action or proceeding was brought before the council had a reasonable time to investigate and pass upon it. And all claims for damages against the city growing out of the negligence or default of said city or of any officer or employé thereof shall be presented to the common council of said city in the manner above provided, and the place and circumstances out of which said claim arose shall be fully set forth therein within three months after such claim shall arise, and in case of any default thereof said claim shall thereafter be forever barred. And in any action in any court on any such claim the claimant shall be required to show that such claim has been duly presented in the manner in this section specified to the common council of said city for audit, investigation and allowance." Act No. 321, Local Acts 1897, § 112.

Before commencing this action a claim in the language set forth in the opinion of Mr. Justice MOORE was filed with the council, referred to a committee, and rejected.

The charter provision formerly ended with the words "pass upon it." While in this form the provision was construed in *Lay* v. *City of Adrian*, 75 Mich. 442. It was there held that claims for damages for personal injury were not within its terms. It was there said:

" The claim sued for is not one proper for audit and allowance by a municipal board. It is for personal injury, one in which the items thereof cannot be itemized by the injured party in such manner as to enable an auditing board to pass upon it intelligently without the aid of a court.  *  *  *

" It will be noticed that it [the charter] requires all the items of such claim to be stated, giving the dates of each, and the further statements that the claimant believes it to be correct; that no part of the same has been paid, unless indorsed upon the account presented; that the sums charged are reasonable and just for the services and property therein mentioned; and that no set-off exists against the claim, and these facts must be sworn to by the claimant.

" This is not language usually used by courts or legislators in speaking of a claim made by an individual against a city or village, or any other party, for an injury to his feelings, or for mental anguish and physical pain he has suffered through alleged negligence of a defendant."

After this decision the concluding sentences of the section were added. They should be construed in the light of this decision. The terms of the amendatory provision are as inapt to indicate a purpose to require an itemized statement as were the original provisions. It is true the claim must be presented in the *manner* provided in the original act, but this can mean no more than that it shall be a verified statement of claim.

When the statement itself is referred to, the requirements are not left in doubt.

"The place and circumstances out of which the claim arose shall be fully set forth therein."

If we attempt to speculate as to whether it was intended that some of the requirements for an affidavit accompanying a claim for property or services should be required, we are at sea. Clearly not all of these requirements can apply, and any attempt to select such as by some stretch might be met is pure speculation. None are entirely apt.

I think the affidavit was sufficient.

CARPENTER and MOORE, JJ., concurred with MONTGOMERY, J.

HOOKER, J. (*concurring*). The plaintiff recovered a judgment against the city of Adrian for an injury to his leg resulting from his stepping into an open hole in the sidewalk.

Before commencing this action, a claim in the language set forth in the opinion of Mr. Justice MOORE was filed with the council, referred to a committee, and rejected.

Of this claim it may be truly said (1) that it does not exhibit in detail the items of expenditure which had been incurred previous to the filing of the claim, proof of which was given at the trial; (2) there is no statement that the claim is reasonable or just, and that no payment has been made on account thereof. It was evidently the intention to safeguard the city, so far as possible, against the well-

known and common evils of exaggerated and fraudulent claims, by compelling claimants to furnish the city seasonably with information, apprising it of the time, place, occasion, and nature of the accident, and extent of the injury, and a sworn statement of good faith. With the charter provision before him, there is little excuse for a lawyer's failure to draw a good claim and affidavit, yet it was not done, as to the particulars mentioned, in this case.

It is suggested that the notice is sufficient in the matter of itemization under the case of *Wilkins* v. *City of Flint*, 128 Mich. 262, but in that case the claim and notice filed stated a number of particulars in which the plaintiff suffered injury and claimed damages in a gross sum for such injuries. We said that it was sufficient to state all of the specific injuries which had up to that time developed, and that it was unnecessary to attach to each (item) an aliquot part of the damages claimed. We did not there decide that recovery could be had for expenditures already incurred and not mentioned, nor that the fact that the city had failed to ask a more detailed statement would affect the question. We have held in several cases that the courts should not be overtechnical in requiring specifications of place and nature of defects, especially where those contained in the notice had been acted upon without complaint by the council; thus leading to an inference that they actually afforded the necessary information. See *Brown* v. *City of Owosso*, 126 Mich. 91; *Wheeler* v. *City of Detroit*, 127 Mich. 331. But we have also held that, while we may be liberal in construing a notice, we "cannot ignore an express requirement of statute," even as to the nature of the injury. See *Tattan* v. *City of Detroit*, 128 Mich. 651. We must of necessity recognize the fact that the legislature has found it necessary to impose some restrictions and conditions upon those who ask compensation for injuries from the public, and that it is not for courts to nullify these provisions by relieving parties from the necessity of compliance. So in this case,

when we see that the legislature has provided that, "and all claims for damages against the city growing out of the negligence or default of said city or of any officer or employé thereof shall be presented to the common council of said city in the manner above provided, and the place and circumstances out of which said claim arose shall be fully set forth therein, within three months after such claim shall arise, and in case of any default thereof said claim shall thereafter be forever barred. And in any action in any court on any such claim the claimant shall be required to show that such claim has been duly presented in the manner in this section specified to the common council of said city for audit, investigation and allowance"—we might hesitate to say that a verified statement of known items is not required by the statute. There is at least some reason for the contention that this notice was defective in one respect and deficient in another, defective in the matter of verification, and deficient in itemization, but whatever view we might take of this claim the latter was not fatal to the cause of action, the deficiency going only to the items, which could have been excluded from the case, and perhaps would have been, had the point been made. We do not discover that it was, however, and therefore we do not pass upon it.

As to the defect of verification, there is some doubt as to the construction that should be given to the statute. It requires the verification, and then provides:

"It shall be a sufficient defense in any court, to any action or proceeding for the collection of any demand or claim against the city that it has never been presented, verified as aforesaid, to the council for allowance; or, that the claim was presented without the affidavit aforesaid and rejected for that reason; or that the action or proceeding was brought before the council had a reasonable time to investigate and pass upon it."

And again:

"And all claims for damages against the city, growing out of the negligence or default of said city or of any offi-

cer or employé thereof shall be presented to the common council of said city in the manner above provided, and the place and circumstances out of which said claim arose shall be fully set forth therein, within three months after such claim shall arise, and in case of any default thereof said claim shall thereafter be forever barred. And in any action in any court on any such claim the claimant shall be required to show that such claim has been duly presented in the manner in this section specified to the common council of said city for audit, investigation and allowance."

It is with some hesitation that we conclude that this statute means that, unless rejected for the reason that the verification was inadequate, the question is waived. *Germaine* v. *City of Muskegon*, 105 Mich. 216; *Davidson* v. *City of Muskegon*, 111 Mich. 454; *Griswold* v. *City of Ludington*, 116 Mich. 412; *Wright* v. *Village of Portland*, 118 Mich. 23; *Springer* v. *City of Detroit*, 118 Mich. 69; *Kriseler* v. *Le Valley*, 122 Mich. 576; *Foster* v. *Village of Bellaire*, 127 Mich. 13.

These conclusions permit of an affirmance of the case.