## HALL, et al. v. BIDDLE.

A complaint alleging that defendant unlawfully, maliciously, and wantonly, by force of arms, forcibly took horses from the possession and control of plaintiffs and drove and chased them for a number of miles in an unnecessarily cruel and wanton manner, whereby they were greatly damaged and injured, to the damage of plaintiffs in the sum of $1,5000, sufficiently charged damage to the horses.

Persons who have for years been in the business of raising horses upon the range and selling them are competent to testify as experts as to the value of horses, both when injured and uninjured.

In an action for injuries to animals, where the evidence showed the manner in which plaintiffs claimed the animals, had been misused, plaintiffs' testimony as to the amount the horses were damaged was not incompetent as a conclusion, especially where one of the plaintiffs not only stated the amount of damages per head,

but stated the condition of the horses after the alleged misuse; the case being one wherein witnesses would be qualified to give the value of the property, both before and after the damage, and an estimate of damage being merely a short way of stating the difference in the value.

(Opinion filed, October 4, 1910.)

Appeal from Circuit Court, Meade County. Hon. WILLIAM G. RICE, Judge.

Action by William D. Hall and another against David H. Biddle. From a judgment for plaintiffs, and an order denying a new trial, defendant appeals. Affirmed.

*Edward E. Wagner* and *Wesley A. Stuart,* for appellant.

It was the province of the jury to determine the amount of damages to which the plaintiff was entitled, if they found she was entitled to any, and it was not competent for the plaintiff to give her opinion as to the amount of damages she had sustained. Tenney v. Rapid City, 17 S. D. 282, 96 N. W. 96, 17 Cyc. 49. An expert witness cannot be allowed, in giving his evidence, to usurp the province of the court and jury by drawing conclusions from the facts upon which the case depends. Jones on Evidence, section 374. There being no evidence of actual damages sustained by plaintiffs, there was no authority to assess exemplary damages. 12 Am. & Eng. Enc. of Law, 2nd Ed. 29.

*Thomas McNenny,* for respondent.

A military or naval officer acting under instructions from his superior acts at his peril, and if those instructions are not strictly warranted by law he is answerable in damages to any person injured in the execution. 3 Cyc. 863. A soldier is not liable for the execution of a lawful order in a lawful manner; he is liable for the execution of an unlawful order or for a lawful order in an unlawful manner. McCall v. McDowell Deady (U. S.) 212. Where the amount of damages depends entirely upon opinions as to the value before and after the condemnation and as these opinions are competent, it can make no material difference whether the witness gives his opinion as to the amount of damages at once or whether he is allowed simply to state to the jury his opinion as to the value from which the opinion as to

damages must necessarily follow by the process of subtraction. 2 Jones on Evidence, Sec. 390; Railroad v. Kirby, 44 Ark. 103; Emmons v. Railroad Co., Minnesota, 42 N. W. 789, 17 Cyc. 53. General damages or such damages as the law holds to be the necessary result of the cause of action set forth in the declaration or complaint need not be specially pleaded, but may be recovered under general allegations of damage. 5 Ency. P. & P. 717.

WHITING, P. J. This action was brought to recover damages which the plaintiffs claimed they had suffered by defendant's driving and chasing horses belonging to plaintiffs; it being claimed that the horses were driven in a cruel and wanton manner. Verdict and judgment were for plaintiffs, and defendant has appealed from such judgment, and from the order denying a new trial.

There are several assignments of error, but only two questions seem to be raised by appellant's brief: The sufficiency of the allegations of the complaint to charge damages to the horses, and the admission of certain evidence offered to show such damages. The complaint was evidently drawn upon the theory that plaintiffs could recover for injury to their feelings, actual damages to the horses, and, possibly, exemplary damages, based upon the damages to the horses. No evidence was offered to support a recovery for injury to the feelings of plaintiffs, and neither that nor the question of exemplary damages was submitted to the jury. There was no demurrer to the complaint, and no motion to make same more specific; but yet, upon the trial, the defendant objected to certain evidence on the ground that no claim for actual damages to the horses was made in the complaint. The third paragraph of the complaint reads as follows: "That the defendant unlawfully, maliciously, and wantonly, and with intent to insult and oppress these plaintiffs, by force of arms forcibly took the 70 head of horses from the possession and control of the plaintiffs, and maliciously and wantonly, and with intent to publicly insult and oppress plaintiffs, drove and chased said horses for a number of miles in an unnecessarily cruel and wanton manner, whereby they were greatly damaged and injured, and these plaintiffs were

publicly outraged and oppressed, to the damage of the plaintiffs in the sum of $1,500, no part of which has been paid." Leaving out the words referring solely to alleged injury to feelings, and we find left the allegation that the "defendant, unlawfully, maliciously, and wontonly, by force of arms forcibly took the 70 head of horses from the possession and control of the plaintiffs, and drove and chased said horses for a number of miles in an unnecessarily cruel and wanton manner, whereby they were greatly damaged and injured, to the damage of the plaintiffs in the sum of $1,500," etc. Such allegations were certainly ample to warrant admission of proof of matters therein alleged.

The evidence shows that the plaintiffs had for years been in the business of raising horses upon the range, and selling such horses. No question could possibly be raised as to their competency to testify to value of horses, both when injured and uninjured. The plaintiffs were witnesses, and each one was asked the amount said horses were damaged. Such question was objected to upon the ground that it called for a conclusion, and not for a statement of the facts. In each case the evidence had already shown the manner in which the witness claimed the horses had been misused, and the first witness, in answering said question, not only stated the amount of damage per head, but stated the condition of the horses after such claimed misuse. The objections were overruled, and such rulings were clearly correct, unless, as claimed by the defense, it was not competent for the plaintiffs to give their opinions regarding the amount of damages they had sustained. Appellant cites 17 Cyc. 49, and the case of Tenney v. Rapid City, 17 S. D. 283, 96 N. W. 96. A mere glance at these authorities is sufficient to show that they have no application to this case, which comes under the class of cases referred to in 17 Cyc. 53, in which the opinion is received, being those cases wherein the witness would be qualified to give the value of the property both before and after the damage, and, as said in Cyc., "an estimate of damage is merely a short way of stating a difference in the value of property." Laird v. Snyder, 59 Mich. 404, 26 N. W. 654; Coyle v. Baum, 3 Okl. 695, 41 Pac. 389; Missouri,

K. & T. Ry. Co. v. Hall, 32 C. C. A. 146, 87 Fed. 170. The proposition of law herein involved was recognized by this court in the case of Schuler v. Board of Supervisors, 12 S. D. 460, 81 N. W. 890.

The judgment and order appealed from are affirmed.