### HARRY v MUSKEGON

1. MUNICIPAL CORPORATIONS—STREETS—REASONABLE REPAIR—REMOVAL OF OBSTRUCTIONS.

   A municipal authority has a statutory duty to remove from its streets traffic obstructions caused by third parties when they have knowledge of such obstructions and if such obstructions render the streets unsafe or unfit for travel (MCLA 242.1).

2. MUNICIPAL CORPORATIONS—STREETS—REASONABLE REPAIR—REMOVAL OF OBSTRUCTIONS.

   Summary judgment for defendant city and defendant police officers was reversible error where there was a question of fact as to whether the police officers' failure to assist plaintiff in removing a stalled travel trailer, which was obstructing traffic on a public street, constituted a breach of defendants' duty to keep the streets in a reasonably safe and fit condition for travel (MCLA 242.1).

Appeal from Muskegon, James F. Schoener, J. Submitted Division 3 April 4, 1972, at Grand Rapids. (Docket No. 12641.) Decided June 29, 1972.

Complaint by Billie Harry and Leona Harry against Ermal L. Crabill, Donald G. Mead, Michael A. Russell, and the City of Muskegon for negligence. Summary judgment for defendants. Plaintiffs appeal. Reversed and remanded.

*Elmer R. Kuck,* for plaintiffs.

*Landman, Hathaway, Latimer, Clink & Robb,* for defendants.

---

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 277, 306, 311, 312, 347, 477.

Before: T. M. BURNS, P. J., and HOLBROOK and
BORRADAILE,* JJ.

PER CURIAM. Plaintiffs appeal from a summary
judgment granted to defendants Mead, Russell,
and the City of Muskegon by the trial court under
GCR 1963, 117.2(3).

On Sunday, February 28, 1965, at approximately
2 a.m. a car towing a travel trailer was stalled in
the center lane of Muskegon Avenue just west of
Jefferson Street in the City of Muskegon. Plaintiff
Billie Harry, after receiving a call for assistance
from the driver of the car towing the trailer, drove
to the intersection to assist his friends in starting
their car. Plaintiff Billie Harry then proceeded to
position his automobile in the center lane of Musk-
egon Avenue facing the stalled car so that he
might attach jumper cables between the batteries
of the two cars.

At approximately 2:40 a.m. plaintiff was stand-
ing between the two vehicles and was in the
process of attaching the jumper cables when a car
driven by defendant Crabill struck the trailer from
the rear, pushing it forward, thereby pinning
plaintiff Billie Harry between his own automobile
and the stalled automobile. The collision resulted
in injuries to plaintiff Billie Harry which necessi-
tated the amputation of his right leg above the
knee.

Just prior to this collision, defendant police
officers Mead and Russell, during the course of
their duties for the City of Muskegon, came upon
this stalled vehicle. Defendants Mead and Russell
asked if their help was needed and upon receiving
a negative answer drove off. Plaintiffs Harry allege
in their complaint that the defendants Mead and

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Russell were negligent in carrying out their duties as police officers by failing to remain at the scene and render aid and assistance and warn other motorists of the situation.

MCLA 242.1; MSA 9.591 provides:

"Any person or persons sustaining bodily injury upon any of the public highways or streets in this state, by reason of neglect to keep such public highways or streets * * * in reasonable repair and in condition reasonably safe and fit for travel by the * * * city * * * shall be liable to and shall pay to the person or persons so injured or disabled, and to any person suffering damages by reason of such injury, just damages, to be recovered in an action of trespass on the case before any court of competent jurisdiction."

Clearly, the above statute makes the municipal authority responsible for any injuries resulting from the irrepair of the streets contained within the corporate limits of the city. In our opinion, however, the statute also creates a duty in the municipality to remove traffic obstructions like the instant one if such obstruction renders the street unsafe or unfit for travel.

The learned trial judge analyzed the above statute and arrived at the conclusion that it imposed no duty upon defendants to remove traffic obstructions. We disagree. The statute does impose upon the city, through its officers, a duty to keep the streets in a reasonably safe and fit condition for travel. *Moore v Kenockee Twp,* 75 Mich 332, 340 (1889). In our opinion that statute is equally applicable to traffic obstructions as well as to keeping the road in repair. Therefore, there is a question of fact as to whether the action of the officers, in failing to assist in removing the traffic obstruction, breached their duty of keeping the streets in a reasonably safe and fit condition for travel. The

question becomes whether the street was reasonably safe and fit for travel with plaintiff's car and the stalled car in the center lane of Muskegon Avenue and if not, was it due to the neglect of the City of Muskegon through its officers Mead and Russell. Since there is a question of fact, it was error for the trial court to grant a summary judgment under GCR 1963, 117.2(3).

The statute, MCLA 242.1, has been held applicable where the street is more unsafe by the acts of third parties, if the city has knowledge of such defects. *Davis v City of Adrian,* 147 Mich 300, 306 (1907). We would note, therefore, that since we are dealing with a situation where the unsafe condition of the street has been caused, if at all, by third persons, the city's knowledge is a prerequisite to recovery under the statute.

Reversed and remanded.