WILKINS *v.* CITY OF FLINT.

1. MUNICIPAL CORPORATIONS — DEFECTIVE SIDEWALKS— QUESTION FOR JURY.

Where some of the planks in a sidewalk had been removed, leaving an abrupt drop in the walk of from four to six inches, the question whether the walk was reasonably safe was for the jury. *Williams* v. *City of West Bay City*, 126 Mich. 156, followed.

2. SAME—CLAIMS—PRESENTATION—SUFFICIENCY.

A charter provision requiring the itemization of all claims and accounts presented to the council for allowance does not make it the duty of a claimant for personal injuries to specify the amount claimed for each particular injury.

3. PERSONAL INJURIES—EVIDENCE—MORTALITY TABLES.

Where, in an action for permanent injuries, the claim that plaintiff was not of average health was disputed, the mortality tables were properly admitted in evidence, to be used or not by the jury, according to their conclusion on the question of fact.

4. MUNICIPAL CORPORATIONS — DEFECTIVE SIDEWALKS — NOTICE — QUESTION FOR JURY.

Where, in an action for injuries caused by a defective side-walk, it was shown that the walk was inspected ten days before the accident, but there was proof that it had been out of repair for three weeks, and that the inspector was informed of it during the time, the question whether the city had notice of the defect was properly submitted to the jury.

5. EVIDENCE—SELF-SERVING DECLARATIONS—PARTS OF CONNECTED CONVERSATION.

In an action for injuries caused by a defective sidewalk, the admission of the testimony of plaintiff's companion, that plaintiff stated she was not thinking of the condition of the walk at the time of the accident, was not improper, where brought out on redirect examination as a part of a conversation drawn out on cross-examination.

6. TRIAL—EVIDENCE—HARMLESS ERROR.

The rejection of certain evidence was harmless error where the same was given without objection on a repetition of the question.

7. SAME—PERSONAL INJURIES—ARGUMENT OF COUNSEL.

It was not reversible error to permit plaintiff's counsel in an action for personal injuries to comment to the jury on defendant's failure to introduce as witnesses two doctors who had examined plaintiff on defendant's behalf, and to assert that defendant did not dare to put them on the stand.

8. SAME.

A judgment for personal injuries will not be reversed because plaintiff's counsel, in the course of his argument, urged the jury either to do justice by the plaintiff " or send her to the county-house at once," where such remark was invited by the comment of defendant's counsel, and it does not appear that injustice has resulted.

Error to Genesee; Wisner, J.    Submitted June 6, 1901. Decided September 25, 1901.

Case by Rebecca Wilkins against the city of Flint for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*Daniel Heims* ( *Ed. S. Lee*, of counsel ), for appellant.

*Everett L. Bray*, for appellee.

HOOKER, J. The defendant has appealed from a judgment of $8,000 in favor of a woman who claims to have received severe and permanent injuries from a fall upon a defective sidewalk. The sidewalk was of plank laid upon four-inch stringers, and it is plaintiff's claim that the plank had been removed for a space of some feet, and that while walking upon the walk, the night being dark, she stepped off from the plank unexpectedly, going down from four to six inches, and that, turning her ankle, she fell upon the ground, and is now bedridden with paralysis, from which it is unlikely that she will ever recover, as a consequence.

It is claimed by the defense that the walk was reasonably safe, and that the court should have so instructed the jury, under the rule in the case of *Shietart* v. *City of Detroit*, 108 Mich. 309 (66 N. W. 221). We are of the opinion that the case of *Williams* v. *City of West Bay City*, 126 Mich. 156 (85 N. W. 458), justifies the course taken of submitting the question to the jury.

It is next contended that the notice and claim filed with the common council did not conform to the requirements of the law. Among other defects alleged is that the claim was not itemized. We think the notice was quite definite, and that the statement of all of the specific injuries that had then developed was sufficient. It was unnecessary to attach to each an aliquot part of the damages claimed. This case presents no new features relating to the subject of statutory notice that would be of interest, and we omit further reference to the particulars of the notice.

It was claimed that the injury was permanent, and

after some evidence to that effect had been heard, the mortality tables were introduced, against the general objection that they were incompetent and immaterial.    It is now claimed that the plaintiff was not a woman of average health at the time of the accident, and that the tables should have been excluded, under the authority of *Denman* v. *Johnston,* 85 Mich. 387 (48 N. W. 565). Had the fact that she was not an ordinarily healthy person been admitted or undisputed, the tables would have had no bearing, but, being disputed, they were admissible, to be used or not by the jury, according to their conclusion upon the question of fact.    As the only assignments of error relating to the charge are based upon refusals to give certain requests, we assume that the charge of the court upon this subject was correct.

It was shown that the walk was inspected some ten days before the accident, but there was proof that it had been out of repair for three weeks, and that the inspector was informed of it during the time.    It was, therefore, competent to leave the question of notice to the jury.

Error is assigned upon the admission of the testimony of plaintiff's companion that on her way home she said that she was not thinking of the condition of the walk; but this was upon redirect examination, and a part of a conversation drawn out upon his cross-examination.

Error is assigned upon the alleged exclusion of the testimony of Murphy in relation to the condition of the walk on the morning after the accident; but the record shows that the testimony was given without objection on a repetition of the question.

Error was assigned upon the following remarks of counsel:

"The city has refused to put these two doctors on the stand, Dr. Burr and Dr. Campbell.    We have asked them to do it, and they have not offered to do it.    They dare not do it, because their mouths would be closed against the fact that this girl had been injured.    They dare not put Dr. Burr and Dr. Campbell on the stand."

*By Mr. Bray:* "But, gentlemen of the jury, if by any mischance you should not be able to do justice by her, then, gentlemen, I beg of you not to let injustice take the form of another disagreement. Either make the city of Flint do what is right by this girl, or send her to the county-house at once."

It is claimed that these remarks were not excepted to, but the record shows otherwise. The record shows that they were not consecutive. The allusion to Drs. Burr and Campbell was followed by an exception, when Mr. Heims, counsel for defendant, said:

"Now, gentlemen of the jury, Mr. Bray will tell you that, unless you render a judgment in favor of the plaintiff, she will have to go to the poor-house. Be that as it may, if she has to go to the poor-house, the city of Flint will pay its portion of the expense."

The counsel for the plaintiff is accused of making a somewhat pathetic appeal for sympathy to the jury, which contained the remainder of the language excepted to.

The remarks relating to Drs. Burr and Campbell were, perhaps, justified by the case of *Vergin* v. *City of Saginaw*, 125 Mich. 499 (84 N. W. 1075). The other language is similar to that used in the case of *Leach* v. *Railway*, 125 Mich. 373 (84 N. W. 316), decided after this cause was tried, and should have been omitted. We are reluctant to disturb a judgment in a case that was well and fairly tried, unless there has been manifest injustice, which does not appear; and, as the remark was invited by the comment of defendant's counsel, we think this point should not reverse the case.

Several questions of minor importance are presented, but an examination of them has satisfied us that there is no error.

The judgment is affirmed.

The other Justices concurred.