[No. 11259.  Department Two.  August 13, 1913.]

H. E. Tweedy, *Respondent*, v. Inland Brewing & Malting Company, *Appellant*.[1]

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT.  A verdict for $4,000 for an injury causing "excessive soreness throughout the cervical region" is excessive, and should be reduced to $1,500, where there was no evidence to justify a finding of permanent injury, and at the time of the trial, it appeared that the plaintiff had for several weeks been able to work at his trade, that of a carpenter, and experts testified that all known tests indicated a present normal condition.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered January 11, 1913, upon the verdict of a jury rendered in favor of the plaintiff for $4,000, in an action in tort.  Reversed, unless $2,500 is remitted.

*Cannon, Ferris & Swan* and *Walter A. White*, for appellant.

*Samuel T. Crane* and *Robertson & Miller*, for respondent.

Morris, J.—Respondent brought this action to recover damages for injuries sustained in a collision between a bicycle ridden by him and an auto truck belonging to appellant.  The trial resulted in a verdict and judgment in respondent's favor in the sum of $4,000, from which this appeal is taken.

The only question submitted upon the appeal is appellant's contention that the verdict is grossly excessive.  Having read the testimony, and fully conscious of the weight to be given the verdict, we believe this contention must be sustained, as we can find no evidence which would justify a verdict in the amount returned by the jury.  The injury to respondent, as testified to by a physician who had attended him, was "excessive soreness throughout the cervical region," extending down between the shoulders to the third or forth dorsal ver-

[1]Reported in 134 Pac. 468.

tebra. The injury occurred on June 11th, 1912, and the trial was in the following November. During this time respondent complains that he was unable to follow his trade, that of a carpenter. He admits, however, that the week previous to the trial he worked four and one-quarter days at his trade, and that during the previous October he worked about two weeks building forms for a concrete bridge at Tekoa, and about ten days in tearing down and rebuilding a barn, putting in full time and drawing full pay. Another physician testified in respondent's behalf to a condition we do not understand in saying that there is a liquid deposit in and around the spinal column, and that respondent had a "superabundance of lubricating fluid on his spinal cord," "with more or less what we call solid matter, and it remains, does not absorb and makes it more or less of a hardened nature," and that the "liquid portion" having absorbed and the "semi-solid" remaining, the present condition of the respondent will become permanent. The other witness for respondent, an osteopath, testified that he had given respondent fifteen or eighteen treatments and that he had greatly improved when he discontinued the treatments about September 1st; and that, while he could not approximate the time when the soreness would disappear, he was of the opinion that continued osteopathic treatments would overcome it. The medical testimony introduced by appellant was to the effect that, having subjected respondent to all known tests, they found no present evidences or results of the injury, and that respondent was perfectly normal.

It appears to us, from the evidence before it, the jury was not justified in assessing damages upon any theory of permanent injury, and that the verdict should have been for such a sum as would compensate respondent for the pain and suffering endured and for an injury of a temporary nature. What such a sum should be it is difficult to determine, but we are satisfied it should not exceed $1,500.

If within thirty days from the going down of the remittitur respondent shall file an acceptance in the court below for a judgment in the sum of $1,500, the judgment so entered upon such acceptance will stand; otherwise, the judgment appealed from is reversed and a new trial ordered. Costs to appellant.

CROW, C. J., MAIN, FULLERTON, and ELLIS, JJ., concur.