## JENKINS *v.* CANFIELD.

1. DEATH—CONDITION OF DECEASED'S HEALTH PRIOR TO FATAL ACCIDENT—QUESTION FOR JURY—EVIDENCE.

    In action by administratrix for death of 44-year old husband as result of injuries received in an automobile accident, where defendants' expert testimony was that deceased suffered from a heart disorder known as mitral stenosis which had probably resulted from rheumatic fever or a throat infection earlier in life and he would have lived not more than five years anyway and plaintiff testified she had known her husband 27 years and had been married to him 26 years and that he was always in good health, the question of condition of his health prior to accident *held,* for jury.

2. EVIDENCE—MORTALITY TABLES—INSTRUCTIONS.

    Mortality tables *held,* admissible in evidence, where question of whether or not deceased was an individual in average good health was one for jury under evidence submitted, but subject to a proper instruction as to use.

3. DEATH—ACCIDENT—MORTALITY TABLES—MITRAL STENOSIS—INSTRUCTIONS.

    Instruction relative to use of mortality tables in determining expectancy of party killed in an automobile accident, claimed by defendant to have been afflicted with mitral stenosis, which limited recovery to a shorter expectancy than tables provided for average healthy person of same age in case jury found decedent so afflicted, *held,* proper in view of charge taken as a whole although perhaps not in as concise language as request to charge on such subject.

4. APPEAL AND ERROR—EXCESSIVE VERDICT—GREAT WEIGHT OF EVIDENCE.

    Verdict for plaintiff, administratrix of estate of person killed in an automobile accident, *held,* neither excessive nor against great weight of evidence under record presented.

Appeal from Ingham; Hayden (Charles H.), J. Submitted October 15, 1937. (Docket No. 92, Calendar No. 39,718.) Decided December 14, 1937.

Case by Grace C. Jenkins, administratrix of the estate of William H. Jenkins, deceased, against Harold Canfield and wife for personal injuries sustained in an automobile collision causing death of plaintiff's decedent. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Roy T. Conley* (*William C. Brown*, of counsel), for plaintiff.

*Cummins & Cummins*, for defendants.

Chandler, J. Plaintiff, administratrix of the estate of William H. Jenkins, deceased, brought suit to recover damages for the death of decedent resulting from an automobile collision with defendants. Trial resulted in a verdict and judgment for plaintiff. A motion for a new trial was denied and defendants appeal.

The record shows defendants to be guilty of negligence as a matter of law and the issue of decedent's contributory negligence was submitted to the jury under proper instructions and was resolved in favor of plaintiff.

The only issue of fact of importance relates to the physical condition of decedent at the time of the collision. Appellants introduced expert medical testimony tending to establish that at that time and for some years prior thereto, deceased, who was 44 years of age at the time of his death, suffered from a heart disorder, technically known as mitral stenosis, a hardening and narrowing of the mitral valve of the heart, which was claimed to result usually from rheumatic fever or a throat infection of some description occurring earlier in life. Mitral stenosis was shown to be progressive in character, finally

resulting in sufficient heart embarrassment to cause death. In the opinion of the experts the condition of deceased's health as a result of the pathology was such that he would have lived but five years at the longest had it not been for the fatal accident. On the other hand, deceased's wife testified that she had known deceased for 27 years and that they had been married for 26 years; that he had never had rheumatic fever or throat infections to her knowledge; and, that during this entire period he was always in good health.

Under this testimony, the condition of deceased's health became a question of fact for the jury.

Appellants' claim is that the court erred in receiving in evidence the mortality tables (3 Comp. Laws 1929, § 12397) as bearing upon deceased's life expectancy for the reason that it appeared that at the time of the accident he was not in average good health, and cite in support of this proposition, *Denman* v. *Johnston,* 85 Mich. 387; *Norris* v. *Railway,* 193 Mich. 578; *Fortner* v. *Koch,* 272 Mich. 273 (38 N. C. C. A. 334). The cited cases are authority for this general principle of law but in the instant case a dispute existed as to whether or not deceased was an individual in average good health, raising an issue of fact to be determined by the jury. Under these circumstances, the tables were admissible. *Wilkins* v. *City of Flint,* 128 Mich. 262; *Norris* v. *Railway, supra; Adelsperger* v. *City of Detroit,* 248 Mich. 399.

Bearing upon the same point, appellants claim that the court erred in refusing to charge the jury according to the following request:

"I charge you that the mortality tables which have been received in evidence in this case have no bearing unless you find that at the time of the in-

jury, William Jenkins, deceased, was in average
normal good health. Unless you do so find, you must
disregard the mortality tables in your further con-
sideration of the case.''

And they also claim error because the court
charged, instead thereof, as follows:

''However, members of the jury, in this connec-
tion, I call your attention to the fact that the defend-
ant has introduced medical testimony in this case,
to the effect that Mr. Jenkins was suffering from an
advanced heart and liver ailment, disclosed by the
autopsy performed by Dr. Shaw, by reason of which
it is claimed he would have been able to have lived
only a small part of the expectancy shown by the
mortality tables, that a well and healthy man had a
right to expect to live.

''If, from the evidence in this case, you believe
that to be true, you will then limit the recovery of
plaintiff, to such shorter expectancy as you believe,
from the evidence, the deceased had, by reason of
such condition, as shown by the testimony concern-
ing that matter, on the part of defendant in this
case.''

It is appellants' position that if the jury decided
that deceased was not in average good health at the
time of the accident, then the mortality tables were
not to be considered by them in determining his ex-
pectancy; that they were entitled to an instruction
as requested which would clearly withdraw the tables
from consideration by the jury if they found de-
ceased not to be in average good health; and, that
the instruction given was prejudicial in that it per-
mitted the jury to consider the tables in any event
in determining the expectancy.

It has been held by this court that where a dispute
exists as to the previous condition of health of the
person whose expectancy is in issue, the mortality

tables are admissible to be used or not by the jury depending upon their disposition of the disputed question of fact. *Wilkins* v. *City of Flint, supra; Norris* v. *Railway, supra; Adelsperger* v. *City of Detroit, supra.* It is therefore clear that when a question of fact of this nature is presented to the jury, a proper instruction as to whether or not, and under what circumstances, they should take into consideration the mortality tables should be forthcoming from the court.

In the case at bar, although the instruction given was not in the exact language of the request, and although perhaps not as concisely stated, we must say that the same did embody a correct statement of the principles of law applicable and that the jury was not misled thereby.

The first paragraph of that portion of the charge which we have quoted, *supra,* and which is immediately preceded by a discussion of the mortality tables and their purpose, reviews the testimony introduced by defendants for the purpose of proving that deceased was not an individual in average good health. The instruction then places the credibility to be given this testimony before the jury and states that if it is believed by them, deceased's expectancy should be limited in accordance with the testimony on that point which had been introduced by defendants. This limited the jury in their deliberations on the question of expectancy, should they find deceased to be suffering from the physical infirmities as claimed by defendants, to the testimony of defendants' physicians who placed the expectancy at not more than five years.

Although the charge does not expressly and affirmatively state that the mortality tables are not to be considered by the jury if they find for defend-

ants on the disputed question of fact, the same result was accomplished by expressly limiting them to defendants' testimony on the question of expectancy.

Appellants claim the verdict to be excessive and contrary to the great weight of the evidence. We have examined the record and find these claims to be unsupported.

Judgment affirmed, with costs to appellee.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and POTTER, JJ., concurred.