BURKE *v.* COUNTY OF WASHTENAW.

1. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—COLLISION WITH TREE
   IN PARKWAY—DIRECTED VERDICT.
   In motorist's action against county for injuries sustained in collision with tree standing in the point of an unenclosed parkway which divided the highway over which plaintiff was
   approaching, court's statement in directing verdict for defendant that car lights must bring objects ahead into. view
   and that plaintiff was required to see every object ahead. of
   him would not be reversible error in case plaintiff was guilty
   of contributory negligence as a matter of law (1 Comp. Laws
   1929, § 4697, as last amended by Act No. 318, Pub. Acts
   1939).

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—FINDINGS OF COURT.
   A finding of contributory negligence on the part of plaintiff necessarily requires a finding of negligence on the part of defendant.

3. APPEAL AND ERROR—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—
   QUESTIONS REVIEWABLE.
   In action for injuries alleged to have been due to defendant's
   negligence wherein trial court directed verdict because of
   contributory negligence of plaintiff and plaintiff alone appealed, consideration of case on appeal is confined to question
   of plaintiff's contributory negligence.

4. SAME—NEGLIGENCE—COUNTIES—HIGHWAYS.
   In action against county for injuries sustained when plaintiff motorist collided with tree standing at point of
   unenclosed parkway dividing highway on which plaintiff approached, finding of trial court that defendant was negligent
   in leaving the tree there is not reviewed where defendant did
   not appeal (1 Comp. Laws 1929, § 3996).

5. AUTOMOBILES—ASSURED CLEAR DISTANCE AHEAD.
   The "assured clear distance ahead" within which motorists
   must be able to stop their cars rests upon proper observation
   of the way ahead (1 Comp. Laws 1929, § 4697, as last
   amended by Act No. 318, Pub. Acts 1939).

Function of court and jury as to contributory negligence, see 2 Restatement, Torts, § 476 and comment (a).
Standard of conduct to which a plaintiff must conform to be
free from contributory negligence, see 2 Restatement, Torts, § 475.

6. SAME—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE—ASSURED CLEAR DISTANCE AHEAD.

> Motorist who drove down center of dry paved highway on a clear evening early in December at speed of 30 to 35 miles an hour and collided with a tree 30 inches in diameter standing in the point of an uninclosed parkway which divided the pavement of the highway over which he was approaching and of which he had a clear view for at least 300 feet because of failure to make proper observation of the way ahead proximately caused the accident by such failure (1 Comp. Laws 1929, § 4697, as last amended by Act No. 318, Pub. Acts 1939).

Appeal from Washtenaw; Sample (George W.), J. Submitted April 10, 1942. (Docket No. 70, Calendar No. 41,958.) Decided May 18, 1942.

Case by Robert E. Burke against the County of Washtenaw for personal injuries sustained when his automobile ran into a tree on a parkway. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Burke & Birge* (*Reading & Reading,* of counsel), for plaintiff.

*George Meader,* Prosecuting Attorney, for defendant.

WIEST, J.   This is an action against the county of Washtenaw to recover damages for personal injuries, sustained by plaintiff the evening of December 3, 1939, when his automobile collided with a tree while he was driving east over the Washtenaw county paved highway known as the Cavanaugh Lake road. The tree, with three others, stood in an uninclosed parkway, which divided the highway at that point, with paved passageways on each side thereof. Plaintiff was driving his car at a speed of 30 to 35

miles an hour, and claims that he did not see the tree which stood in the point of the parkway facing the middle of the highway over which he was approaching. He claims the highway was in a dangerous condition, without warning signs indicating its division into two lanes and maintenance of the tree at the point of the parkway. It was the first time he had driven over the road and, he claims, in rounding a slight curve in the road, the lights of the car did not disclose the presence of the tree. The tree was about 30 inches in diameter. When within about 300 feet of the tree plaintiff had a clear view to the point where it stood. The road was dry and the night clear. As he approached the tree he was driving in the center of the highway and there was nothing to obscure his view of the tree had the lights of his car been turned upon the roadway ahead of him.

At the close of plaintiff's proofs the court directed the jury to render a verdict in favor of the county on the ground that plaintiff was guilty of contributory negligence as a matter of law in not observing and avoiding the tree at the point where the highway divided. The court also stated:

"So the court is holding not only that the lights (on the car) must bring these objects that are ahead into view, but you are required to see every one of them. Not just seeable, but you are required to see every object ahead of you."

Plaintiff contends that such holding was error.

If, under the proofs, plaintiff was guilty of contributory negligence as a matter of law, the mentioned statement does not call for reversal.

Plaintiff claims the county was negligent in not putting up warning signs or barricades at the point of the parkway. There was nothing to obscure

plaintiff's view and, after his car reached a point about 300 feet from the tree, he had open view of the presence of the tree and the proximate cause of the accident was his negligence in failing to make due observation of the roadway ahead of him.   The lights on his car were good and properly operating.

The statute, 1 Comp. Laws 1929, § 3996 (Stat. Ann. § 9.121), provides:

"It is hereby made the duty of the counties to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel, all county roads, bridges and culverts that are within their jurisdiction and under their care and control and which are open to public travel."

Defendant claims that leaving the tree in the parkway was not negligence, nor did it constitute a nuisance, and moved the court to direct a verdict on such ground, as well as the contributory negligence of plaintiff.

As stated before, the court held plaintiff guilty of contributory negligence as a matter of law which, of necessity, found defendant guilty of negligence.

Defendant did not appeal, and our consideration of the case is confined to the question of plaintiff's contributory negligence.

The statute, 1 Comp. Laws 1929, § 4697, as last amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4697, Stat. Ann. 1941 Cum. Supp. § 9.1565), provides:

"No person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead."

The "assured clear distance ahead" rests upon proper observation of the way ahead.   Such obser-

vation plaintiff did not make, and his failure to do so was the proximate cause of the accident.

The judgment is affirmed, with costs to defendant.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUT-ZEL, BUSHNELL, and SHARPE, JJ., concurred.