REARDON v. BUCK.

1. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.
    To entitle one to a new trial upon the ground of newly-discovered evidence it should be shown that the evidence, not merely its materiality, be newly discovered, that the evidence is not cumulative merely, that it is such as to render a different result probable on a retrial and that it could not with reasonable diligence have been discovered and produced at the trial.

2. SAME—NEWLY-DISCOVERED EVIDENCE—DISCRETION OF COURT.
    The granting of a new trial on the ground of newly-discovered evidence is within the sound discretion of the trial court, with which the Supreme Court will not interfere unless there has been a palpable abuse of that discretion.

3. SAME—AFFIDAVITS—NEWLY-DISCOVERED EVIDENCE.
    Trial court *held,* not to have abused discretion in granting new trial upon showing made by way of affidavit supporting claim of newly-discovered evidence.

4. TRIAL—DIRECTED VERDICT ON SUBSEQUENT TRIAL—QUESTIONS FOR TRIER OF FACTS.
    Fact that testimony on third trial of action for damages arising from automobile collision at street intersection was substantially the same as at the first trial would not entitle a party to have the trial judge substitute his judgment for that of the jury unless, as a matter of law, there was no question of fact to be determined by the jury.

5. AUTOMOBILES—TRIAL OF ACCIDENT CASE—INJECTION OF INSURANCE.
    Opening statement in automobile accident case by plaintiff's counsel that he would produce testimony as to plaintiff's lack of insurance coverage, which statement trial judge

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 39 Am Jur, New Trial § 156 *et seq.*
[4] 39 Am Jur, New Trial § 217.
[5] 5 Am Jur, Automobiles §§ 622, 666.
[5] Admissibility of evidence, and propriety and effect of questions, statements, comments, et cetera, tending to show that defendant in a personal injury or death action carries liability insurance. 56 ALR 1418; 74 ALR 849; 95 ALR 388; 105 ALR 1319.
[6] 38 Am Jur, Negligence § 177.
[8–10] 39 Am Jur, New Trial § 129 *et seq.*
[10] 39 Am Jur, New Trial §§ 142–144.

directed jury to disregard, and response by witness that person who ordered defendant's car picked up by witness was an adjuster for an insurance company, which answer was made notwithstanding interrupting command by court not to answer the question involved *held,* not such flagrant violations of the "insurance exclusion rule" as to constitute reversible error, especially where trial court stated the question by plaintiff's counsel was not asked in bad faith and that it was doubtful whether all of the jurors heard the answer given by the witness.

6. SAME—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—THEORY OF CASE.
   A defendant motorist who consistently denies he was guilty of negligence which caused automobile accident may not go to jury solely on theory that plaintiff motorist was guilty of contributory negligence.

7. SAME—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.
   Court's charge as to contributory negligence of plaintiff motorist in automobile accident case *held,* to have fully protected rights of defendant motorist who denied in his answer and throughout the trial that he was guilty of negligence.

8. TRIAL—VERDICTS—GREAT WEIGHT OF EVIDENCE.
   A jury's verdict may not be set aside unless it is manifestly against the great weight of the evidence.

9. AUTOMOBILES—VERDICTS—GREAT WEIGHT OF EVIDENCE.
   Verdict for plaintiff in third trial of automobile accident case *held,* not manifestly against the great weight of the evidence.

10. DAMAGES—ACTUAL AND SPECIAL DAMAGES—PAIN AND SUFFERING
    —FUTURE EARNINGS—BACK INJURY.
    Verdict of $5,000 for plaintiff in automobile accident case was within the range of plaintiff's proofs on question of damages, where it was shown that actual and special damages were at least $3,000, leaving only $2,000 for pain and suffering and loss of future earnings, that plaintiff was a reasonably healthy man for his age and had had no trouble with his back prior to the accident.

11. APPEAL AND ERROR — DAMAGES — VERDICTS — PREJUDICE — SYM-
    PATHY.
    The Supreme Court does not substitute its judgment for that of the jury unless the verdict as to damages shocks the conscience of the court or has been secured by improper means, prejudice, or sympathy.

12. EVIDENCE—MORTALITY TABLES.

> Admission of mortality tables in evidence was not erroneous in action for damages for personal injuries sustained in automobile collision, where there was testimony showing that plaintiff was a reasonably healthy man for his age; that men of his age are presumed to be somewhat arthritic and there is no proof that he had any treatment or trouble with his back prior to the accident.

Appeal from Jackson; Boardman (Harry D.), J. Submitted October 17, 1952. (Docket No. 53, Calendar No. 45,610.) Decided December 9, 1952.

Action by Leon E. Reardon against Harold Buck for injuries sustained in an automobile accident. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*James J. Noon* and *Kelly & Kelly,* for plaintiff.

*Kleinstiver & Anderson,* for defendant.

BUSHNELL, J. Plaintiff Leon E. Reardon was injured when the automobile he was driving collided with one being driven by defendant Harold Buck at or near the intersection of West Michigan avenue (US–12) and Wildwood Avenue road west of the city of Jackson.

The first trial before the court without a jury resulted in a judgment of no cause of action in favor of defendant. A few days after the entry of that judgment, Reardon filed motions in arrest of the judgment and for a new trial. He then filed a motion to compel the taking of testimony of defendant Buck by deposition. This motion was denied. He subsequently filed a motion for a new trial based upon the affidavit of Claude E. Binschus, which motion was granted.

At the second trial before a jury the testimony of Binschus, by deposition, was introduced and, upon

the failure of the jury to agree, they were discharged from further consideration of the case.

The third trial, also before a jury, resulted in a verdict in favor of Reardon in the sum of $5,000. Defendant Buck, after denial of his motion for new trial, appealed from the judgment entered upon the jury's verdict.

The questions presented on appeal include the claimed abuse of discretion by the trial judge in denying a motion made by the defendant at the second trial. This motion was to set aside the order granting plaintiff a new trial and to reinstate the original judgment for the defendant. It was based on the claim that the deposition of Binschus was contrary to and contradictory of his affidavit upon which plaintiff's motion for a new trial, on the ground of newly-discovered evidence, was made. Appellant also claims that the court should have directed a verdict for the defendant at the third trial, because the record and the evidence at that trial were the same as that in the first trial. Error is asserted on the injection of insurance into the case and upon the court's charge and refusal to give certain requested instructions to the jury. It is also argued that the verdict of the jury is against the great weight of the evidence and is excessive. A question regarding the use of the mortality tables is also presented.

The trial judge indicated that, while he found some divergence between the affidavit of Binschus and his deposition, he did not believe that plaintiff had filed a false and fraudulent affidavit, as suggested by defendant's counsel. It was plaintiff's contention at the time that he would present some newly-discovered evidence by the testimony of Binschus.

The trial judge correctly applied the rule stated in *Canfield* v. *City of Jackson,* 112 Mich 120, which is as follows:

· "To entitle one to a new trial upon this ground it should be shown: *First,* that the evidence, and not merely its materiality, be newly discovered; *second,* that the evidence is not cumulative merely; *third,* that it be such as to render a different result probable on a retrial of the cause; *fourth,* that the party could not with reasonable diligence have discovered and produced it at the trial."

The granting of a new trial on the ground of newly-discovered evidence is within the sound discretion of the trial court, with which we will not interfere, unless there has been a palpable abuse of that discretion. *Chicago & Grand Trunk R. Co.* v. *Genesee Circuit Judge,* 89 Mich 549. See, also, authorities cited in *Wilson* v. *Johnson,* 195 Mich 94, 101. The trial judge did not abuse his discretion in granting the new trial.

An examination of the authorities cited by defendant does not support his contention that, because the record made at the third trial was substantially the same as that made at the first trial, he was entitled to a directed verdict and the reinstatement of the former judgment. The credibility and weight of the testimony in the last trial was for the jury. At the first trial it was a matter for determination by the trial judge. Assuming the testimony is substantially identical, this does not justify setting aside the determination of the jury and substituting that of the trial judge, unless, as a matter of law, there was no question of fact to be determined by the jury.

The question of insurance first came into the case in the opening statement of plaintiff's counsel, and next in cross-examination by plaintiff of one of defendant's witnesses. In his opening statement, plaintiff's counsel stated that he would produce testimony as to plaintiff's lack of insurance coverage. Upon objection, the court directed the jury to disregard this statement. During the trial, a witness

testified that he had been asked to pick up the defendant's car by one George Hutchins. He was asked if Hutchins represented the defendant at that time. Despite an interruption by the court, the witness stated that Mr. Hutchins "is an adjuster for the three A." The trial judge completed his interrupted statement by saying: "Wait just a minute. Do not answer that question." In denying defendant's motion for a directed verdict and for a mistrial the court pointed out that the Hutchins question did not show any bad faith on the part of counsel for the plaintiff or any attempt to inject the matter of insurance into the case. He further stated that it was very doubtful whether all of the jurors heard the answer given by the witness and that he was sure that all counsel did not hear it. Neither situation was a sufficiently flagrant violation of the "insurance exclusion rule" to constitute reversible error. *Deffenbaugh* v. *Inter-State Motor Freight Corporation,* 254 Mich 180; *Gegan* v. *Kemp,* 302 Mich 218, 226; and *Gleason* v. *Hanafin,* 308 Mich 31.

In his answer, and throughout the trial, defendant denied that he was guilty of negligence. In the face of this he could not go to the jury solely on the theory that the plaintiff was guilty of contributory negligence. See *Burke* v. *County of Washtenaw,* 301 Mich 666. The court's charge with respect to contributory negligence fully protected the rights of the defendant.

Only in cases where the jury's verdict is manifestly against the great weight of the evidence may it be set aside. The verdict here is not manifestly erroneous. *Foster* v. *Rinz,* 202 Mich 601, 604; and *Wright* v. *Dwight,* 209 Mich 678.

We agree with the trial judge that plaintiff's testimony showed actual and special damages of at least $3,000. The jury's verdict of $5,000, therefore, only included $2,000 for pain and suffering and loss of

future earnings. The verdict was within the range of plaintiff's proofs on this question.

We do not substitute our judgment for that of the jury unless the verdict shocks the conscience of the court or has been secured by improper means, prejudice, or sympathy. *Watrous* v. *Conor,* 266 Mich 397.

The testimony shows that Reardon was a reasonably healthy man for his age; and that men of his age are presumed to be somewhat arthritic. There is no proof that plaintiff had any treatment or trouble with his back prior to the accident, and admission of mortality tables in the light of testimony was not erroneous. See, in this connection, *Denman* v. *Johnston,* 85 Mich 387; *Wilkins* v. *City of Flint,* 128 Mich 262; *Adelsperger* v. *City of Detroit,* 248 Mich 399; and *Jenkins* v. *Canfield,* 282 Mich 277.

The judgment is affirmed, with costs to appellee.

ADAMS, C. J., and DETHMERS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.